UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) Case No. 2:18-cv-12658 |
| v. | ) |
| **LABELLE LIMITED PARTNERSHIP,** a Michigan limited partnership, | ) Judge: |
| **And** | ) |
| **JBT, L.L.C.,** a Michigan limited liability company | ) |
| Defendants. | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendants LABELLE LIMITED PARTNERSHIP, a Michigan limited partnership, and JBT, L.L.C., a Michigan limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

1

## **JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendants' property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## **PARTIES**

4. Plaintiff, LELAND FOSTER ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendants LABELLE LIMITED PARTNERSHIP and JBT, L.L.C. operate and own a Super 8 by Wyndham Mt. Pleasant hotel located at 2323 S Mission St, Mt Pleasant, MI 48858 in Isabella County. Plaintiff has patronized Defendants' hotel and business previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by LABELLE LIMITED PARTNERSHIP AND JBT, L.L.C. are non-compliant with the remedial provisions of the ADA. As Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' facilities as a hotel and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

7. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in

performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. On or about February 10, 2016 and May 14, 2018, Plaintiff visited and was an overnight hotel guest of the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.

9. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including hand cycle events, wheelchair tennis, rock wall climbing and other activities in Central Michigan and hosted at nearby Central Michigan University which boasts an exceptional and acclaimed adaptive therapeutic recreation program. Through his involvement in adaptive sports he has established friendships throughout Michigan and inside Mt. Pleasant.

10. Leland Foster frequents many establishments in Mt. Pleasant, Michigan and has been a customer as an overnight guest at the property that forms the basis of this lawsuit. During the Plaintiff's overnight stay on the nights of February 10, 2016 and May 14, 2018, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

11. Completely independent of the personal desire to have access to this place of

public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

12. Plaintiff has a realistic, credible, existing and continuing threat of

discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendants have discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of LABELLE LIMITED PARTNERSHIP AND JBT, L.L.C., including its facilities, has shown that many violations of the

ADA exist.  These violations include, but are not limited to:

Accessible Routes and Parking

A. Accessible parking access aisles do not meet the required width, in violation of the ADA whose remedy is readily achievable.

B. There are no designated van accessible parking spaces and/or the spaces intended as Van Accessible are not marked with required signage, in violation of the ADA whose remedy is readily achievable.

C. There are a legally insufficient number of designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

D. Parking access aisles do not connect to an accessible route, in violation of the ADA whose remedy is readily achievable.

E. Designated accessible parking signage is not mounted at the required height, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

F. The registration counter is in excess of 36 inches high above the finish floor and does not have the required lowered portion, in violation of the ADA whose remedy is readily achievable.

G. The guest laundry room entrance door contains hardware that requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

H. There are no front-load washers in the guest laundry room and a lack of clear floor space for a front approach, in violation of the ADA whose remedy is readily achievable.

The Designated Mobility Accessible Guestrooms

I. Upon information and belief, there are not the required number of designated accessible guestrooms with mobility features, in particular

guestrooms equipped with compliant standard roll-in showers.

J. The designated accessible guestrooms are not disbursed among the various classes of guestrooms, including a lack of accessible rooms in two bedroom suites, King Suite with kitchenette, rooms with two double beds, or rooms with Jacuzzi tub, in violation of the ADA whose remedy is readily achievable.

K. There is not the required latch side maneuvering clearance to exit designated accessible guestroom, in violation of the ADA whose remedy is readily achievable.

L. The water closet seat height in the accessible guestroom bathroom does not meet the minimum requirement, in violation of the ADA whose remedy is readily achievable.

M. The locking door chain on the room entrance door requires tight grasping to operate, in violation of the ADA whose remedy is readily achievable.

N. The accessible guestroom bathroom lavatory has pipes that are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

O. The accessible guestroom bathroom mirror is mounted in excess of allowable height, in violation of the ADA whose remedy is readily achievable.

P. The accessible guestroom shower spray unit is mounted above the allowable reach range and fails to provide on/off controls, in violation of the ADA whose remedy is readily achievable.

Q. The mobility accessible guestroom with shower fails to provide a standard roll-in shower with required width, whereas only a transfer-type shower is provided which cannot be substituted for a roll-in shower compartments complying with 608.2.2 or 608.2.3, in violation of the ADA whose remedy is readily achievable.

R. The mobility accessible guestrooms fitted with a bathtub have bathtub faucet controls that are not located between the open side of the bathtub

and the centerline of the width of the bathtub, in violation of the ADA whose remedy is readily achievable.

S. The mobility accessible guestrooms fitted with a bathtub, some are missing the required grab bar at the head end wall at the front edge of the bathtub and others do not have two grab bars installed on the back wall and others have a non-compliant control end wall grab bar, in violation of the ADA whose remedy is readily achievable.

T. The mobility accessible guestrooms fitted with a transfer type shower compartment have a threshold that exceeds ½ inch at the shower entry, in violation of the ADA whose remedy is readily achievable.

U. The hotel's accessible guestrooms provide curtain adjusters that are mounted in excess of allowable range and also require tight clasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

V. There are amenities in the accessible guestroom, including an iron, that are located above the maximum reach range, in violation of the ADA whose remedy is readily achievable.

<u>Lobby Restroom</u>

W. The lobby restroom door hardware requires tight clasping or twisting for access, in violation of the ADA whose remedy is readily achievable.

X. The lobby restroom door does not have the required latch side clearance to exit the restroom, in violation of the ADA whose remedy is readily achievable.

Y. The lobby restroom lavatory lacks required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

Z. The coat hook on the door in the lobby restroom is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

AA.  The lobby restroom toilet paper dispenser is not mounted in the

required location, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

BB.  The Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

16. The discriminatory violations described in Paragraph 15 by Defendants LABELLE LIMITED PARTNERSHIP and JBT, L.L.C. are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires further inspection of the Defendants' place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The hotel at issue, as owned and operated by LABELLE LIMITED PARTNERSHIP and JBT, L.L.C., constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are

required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq*.

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. LABELLE LIMITED PARTNERSHIP and JBT, L.L.C. operate a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

24. Defendants committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff

    the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

25. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined

at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222

Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
valeriefatica@gmail.com

*Admitted to the Eastern District of Michigan